# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LAUREN J. COON | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-2732-S |
| | § | |
| CRAWFORD & COMPANY | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Crawford & Company's Unopposed Motion to Partially Seal Appendix in Support of Its Motion for Summary Judgment ("Motion to Seal") [ECF No. 67]. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to Seal.

### I. BACKGROUND

In this lawsuit, Plaintiff Lauren J. Coon brought, among other causes of action, multiple claims under Title VII of the Civil Rights Act of 1964 and a breach of contract claim. Pl's Original Compl. [ECF No. 1] ¶¶ 37-92. Defendant filed its Motion for Summary Judgment [ECF No. 59] and its Appendix to Defendant's Motion for Summary Judgment ("Appendix") [ECF No. 61]. Defendant then filed a motion to partially seal the Appendix. *See* ECF No. 62. The Court denied Defendant's motion because it did not comply with Fifth Circuit law. Order [ECF No. 64] (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021), and *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022)). Defendant then filed the Motion to Seal.

### II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court

must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519-20. In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

### III. ANALYSIS

Defendant seeks leave to file Plaintiff's Employment Application[1] and Exhibit 2 to the Declaration of Afiong Ekong ("Exhibit 2") in redacted form. Mot. to Seal 3, 5. Defendant further seeks leave to file its Spot Bonus Agreement[2] under seal. *Id.* at 3-4. Finally, Defendant asks to seal two pages of Exhibit 15 to the Deposition of Lauren Coon ("Exhibit 15").[3] *Id.* at 4-5. The Employment Application is Plaintiff's application for employment with Defendant. *Id.* at 3. The Spot Bonus Agreement is a private agreement between Plaintiff and Defendant concerning Plaintiff's compensation. *Id.* at 4. The relevant pages of Exhibit 15 are part of an e-mail chain discussing a bonus and include "a list of prospects and/or customers with revenue targets." *Id.* at 4. Exhibit 2 is an e-mail chain "discussing [Plaintiff's] representation of a claim and the creation of a conflict of interest." *Id.* at 5.

---

[1] The Employment Application is contained in pages 314-320 of the Appendix.

[2] The Spot Bonus Agreement is included in Exhibit 9 to the Deposition of Lauren Coon, Exhibit 25 to the Deposition of Gregory Youngblood, Exhibits 3 and 4 to the Declaration of Bonnie Sawdey, and Exhibit 4 to the Declaration of Eveth McPherson. Mot. to Seal 3.

[3] Specifically, Defendant seeks to seal pages 389 and 390 of the Appendix. *Id.* at 5.

In support of nondisclosure, Defendant states that the Employment Application "contains personally identifying information and confidential contact information for [Plaintiff] and her professional references." *Id.* at 3. Disclosure of the Spot Bonus Agreement "would provide competitors insight into [Defendant's] employee compensation structure and strategies." *Id.* at 4. Exhibit 15 contains "trade secret information," including "confidential customer lists and names." *Id.* at 5. Exhibit 2 contains "personally identifying information and confidential contact information for [Defendant's] customers and non-parties." *Id.*

Courts have found that nondisclosure is warranted to protect sensitive information like the "confidential information of third parties." *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-CV-2837-B, 2024 WL 3015535, at *3 (N.D. Tex. June 14, 2024); *see also MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) ("The interest supporting sealing, namely protecting the confidential information of third parties, outweighs the public's common law right of access for the identified information."). And "district courts across the nation routinely permit the sealing of personal identifying information." *Talley v. Tsvetanov*, No. 4:23-CV-180-SDJ-KPJ, 2023 WL 11904090, at *1 (E.D. Tex. Dec. 21, 2023) (citation omitted). Additionally, specific allegations regarding competitive harm may support sealing or redaction. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). Finally, protecting trade secrets is a "good reason[] to file documents... under seal." *Binh Hoa Le*, 990 F.3d at 419

The Court finds that the interests in support of nondisclosure outweigh the public's common law right of access to the information at issue here. The Employment Application and Exhibit 2 contain the confidential information of Plaintiff and third parties. *See MIECO*, 2022 WL 18034481, at *2; *Talley*, 2023 WL 11904090, at *1. The Spot Bonus Agreement and Exhibit 15

contain trade secrets and Defendant's confidential business information. *See, e.g., Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 WL 4796229, at *4 (N.D. Tex. May 30, 2024) (sealing information about a company's market strategy that was not readily available to the public). As such, Defendant is entitled to the sealing and redactions it seeks.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant Crawford & Company's Unopposed Motion to Partially Seal Appendix in Support of Its Motion for Summary Judgment [ECF No. 67]. The Court **DIRECTS** Defendant to file a public version of the Appendix to Defendant's Motion for Summary Judgment [ECF No. 61] with appropriate redactions to Plaintiff's Employment Application and Exhibit 2 to the Declaration of Afiong Ekong. Defendant shall file the Spot Bonus Agreement and the two identified pages of Exhibit 15 to the Deposition of Lauren Coon under seal.

**SO ORDERED.**

SIGNED February 11, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**